UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI BOULWARE,

        Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.,

        Defendant.
_____/

Case No. 2:25-cv-13159

District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER STRIKING SEVERAL FILINGS (ECF Nos. 9, 10, 13)

**A.    Briefing on the Pending Motion to Dismiss is Closed.**

In September 2025, Brandi Boulware filed this consumer credit case against National Credit Systems, Inc. in state court. (ECF No. 1-2.) National Credit Systems, Inc. removed the case to this Court in October 2025. (ECF No. 1.)

Currently pending before the Court is Defendant's October 14, 2025 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 6), which Judge Parker has referred to me for a report and recommendation (ECF No. 11). Plaintiff filed a response on October 17, 2025 (ECF No. 7),[1] and Defendant filed a reply on

---

[1] Papers filed with this Court are required to be double-spaced and in 14-point font. *See* E.D. Mich. LR 5.1(a)(2),(3). Although the Court will accept Plaintiff's October 17, 2025 single-spaced response (*see* ECF No. 7), Plaintiff risks having future filings stricken if they do not conform to E.D. Mich. LR 5.1(a)'s requirements.

1

October 31, 2025 (ECF No. 8). At that point, briefing on the motion to dismiss was closed. *See* E.D. Mich. LR 7.1(d)(1) ("Briefs Required and Permitted.").

**B.      Plaintiff's Subsequent Responses**

Following Defendant's reply, Plaintiff filed two additional responses – one on November 10, 2025 (ECF No. 9) and the other on December 18, 2025 (ECF No. 13). The former is, at least in part, a sur-reply, as it refers in multiple places to statements made in Defendant's reply. (*See*, *e.g.*, ECF No. 9, PageID.48 ¶ II(1); *id*., PageID.49 ¶ II(3); *id*., ¶ IV(3); *id*., PageID.50 ¶ V(1),(3).) The latter, *inter alia*, alternatively "requests leave to amend pursuant to Rule 15(a)(2)." (ECF No. 13, PageID.57, 60.)

The Undersigned's "Motion Practice" guidelines expressly provide: "The Court adheres to E.D. Mich LR 5.1 and 7.1 regarding format, length, and form of motions and briefs, and the type of briefs required and permitted. Additional briefing, including sur-replies, will NOT be permitted unless requested by the Court. The Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules." The Court did not request a sur-reply. Moreover, "[m]otions must not be combined with any other stand-alone document." E.D. Mich. Local Rules 5.1(e)(1), 7.1(i); E.D. Mich. Electronic Filing Policies and Procedures R5(f). "For example, a motion for preliminary injunctive relief must not be combined with a complaint, a counter-motion must not be

2

combined with a response or reply, and a motion for downward departure must not be combined with a sentencing memorandum. Papers filed in violation of this rule will be stricken." E.D. Mich. LR 7.1(i). By filing a third response to the same motion, and then seemingly embedding another motion within that response, Plaintiff has violated Local Rule 7.1(i), and her response must be stricken as unauthorized, redundant and noncompliant with the Local Rules. Additionally, the Court notes that, even if she did intend to file a motion to amend her pleadings under Fed R. Civ. P. 15, as hinted at in her now-stricken response (*see* ECF No. 13, PageID.57, 60; *see also* ECF No. 9, PageID.50 ¶ V(3)), she failed to comply with E.D. Mich. LR 7.1(a) (seeking concurrence) and E.D. Mich. LR 15.1 (requirement to attach a copy of the proposed amended pleading).

      Accordingly, Plaintiff's subsequent responses (ECF Nos. 9, 13) are **STRICKEN**.

C. **Plaintiff's Status Update**

      On December 11, 2025, Plaintiff filed a "status update." (ECF No. 10.) This is an improper filing. Preliminarily, it makes multiple references to "TransUnion, LLC," (*see id*., PageID.52-53), which is not a party to the *instant* lawsuit, although perhaps these are references to *Boulware v. Trans Union LLC*, Case No. 2:25-cv-11825-LVP-CI (E.D. Mich.). Also, Plaintiff "requests

3

confirmation of the case's current standing and whether any additional filings, hearings, or actions are required at this time." (ECF No. 10, PageID.52.)

However, the status of Plaintiff's lawsuit can be ascertained by reviewing the Court's docket, which clearly shows that a motion to dismiss is pending and under advisement, to be taken up by the Court in good time, considering the hundreds of other cases and motions pending before it. In order for Plaintiff to ascertain "whether any additional filings, hearings, or actions are required [of Plaintiff] at this [or any] time" (*id*.), she should consult the requirements set forth in the Federal Rules of Civil Procedure, this Court's Local Rules (accessible at www.mied.uscourts.gov) and the Practice Guidelines of the district and magistrate judges before whom her cases are pending (also available of the Court's website). Moreover, the Court is unable to provide Plaintiff with legal advice. Accordingly, Plaintiff's "status update" (ECF No. 10) is **STRICKEN**.

    **IT IS SO ORDERED.**[2]

Dated: January 5, 2026

                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

4